**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHEROD H. MAIR,

        Plaintiff,

        v.

MULLEN, et al.

        Defendants.

Civil No. 05-1892 (JAP)

**O P I N I O N**

**APPEARANCES:**

    SHEROD H. MAIR, #13941, Plaintiff Pro Se
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07116

**PISANO, DISTRICT JUDGE**

    Plaintiff Sherod H. Mair ("Mair"), a prisoner confined at Northern State Prison in Camden, New Jersey ("CCCF"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon his affidavit of indigence and account statement, this Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; (4) direct the New Jersey Department of Corrections ("DOC") to deduct an initial

partial filing fee payment of $4.72 from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist in Plaintiff's account; and (5) direct the DOC to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.[1]  See 28 U.S.C. § 1915 (a),(b).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971),[2] seeking damages for alleged violations of his rights

---

[1] The Court's Order assesses, but does not require immediate payment of, the filing fee payment.  See 28 U.S.C. §§ 1915(b)(1)(A), 1915(b)(4).  The Court has determined to collect said payment pursuant to 28 U.S.C. § 1915(b)(1) by directing the agency having custody of Plaintiff to deduct it from Plaintiff's prison account, if and when said funds become available.

[2] Plaintiff mistakenly brought this action under 42 U.S.C. 1983, which applies to state defendants.  Bivens allows a plaintiff to sue a federal defendant who acted under federal law to deprive plaintiff of a constitutional right.  Bivens actions are analogous to suits under 42 U.S.C. § 1983 against state officials who violate federal constitutional or statutory rights.

2

secured by the Constitution and laws of the United States. Defendants are Mullen and Larson, federal probation officers. (Compl., ¶ 6.)

Plaintiff states the following facts in support of his claims:

> Mr Mullen violated my probation on October 6, 2003, after he had given me permission to leave to the military base on August 19, 2003. He purposely violated me to keep me in jail. Also, I was found not guilty of a rape charge. Mr. Mullen and his supervisor Mr. Larson call me a rapist every chance they get. I'm suing for economic loss, damages to reputation, mental and emotional stress, stress put on my family, and defamation of character. (Compl., ¶ 6.)

(Compl., ¶ 6.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court to review a complaint in a civil action which seeks redress from a government employee, or in which a plaintiff is proceeding in forma pauperis, and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

---

The two bodies of law are not "precisely parallel;" however, there is a "general trend" to incorporate § 1983 law into Bivens suits. Egervary v. Rooney, 80 F.Supp.2d 491 (E.D.Pa. 2000) (citing Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

3

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our

liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court will construe the Complaint as raising a claim of violation of Plaintiff's Fourteenth Amendment right to due process of law because of the wrongful revocation of his probation.

Claims brought under Bivens are typically analyzed under the same methodology as claims brought under 42 U.S.C. § 1983, as a Bivens action is the nonstatutory counterpart of a suit brought

pursuant to § 1983, and is aimed at federal rather than state officials. Island Online, Inc. v. Network Solutions, Inc., 119 F. Supp.2d 289, 304 (E.D.N.Y. 2000). In order to state a Bivens claim, a plaintiff must show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) that a defendant or defendants acted under color of federal law in depriving him of that right. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991); Sixth Camden Corp. v. Evesham Tp., 420 F.Supp. 709, 718 (D.N.J. 1976). Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant.[3] See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal

---

[3] Although the Third Circuit has not ruled on the availability of vicarious liability in Bivens actions, see Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992) (declining to reach the issue), the circuits that have addressed the issue are unanimous in holding that Bivens does not authorize suits predicated on a respondeat superior theory. See, e.g., Simpkins v. District of Columbia Government, 108 F.3d 366 (D.C.Cir. 1997); Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35 (8th Cir. 1995); Abella v. Rubino, 63 F.3d 1063 (11th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024 (7th Cir. 1994); Abate v. Southern Pacific Transp. Co., 993 F.2d 107 (5th Cir. 1993); Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Ellis v. Blum, 643 F.2d 68 (2d Cir. 1981). Cf. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. The Court will now analyze Plaintiff's claim to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) is warranted.

B. Due Process

Plaintiff's claim for damages is barred because a favorable judgment would necessarily imply the invalidity of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (civil rights claim under § 1983 seeking damages for allegedly unconstitutional imprisonment is not cognizable under § 1983 if a favorable judgment would necessarily imply the invalidity of plaintiff's confinement unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). See also Crow v. Penry,

7

102 F.3d 1086, 1087 (10th Cir. 1996)(barring § 1983 claim alleging false statements by probation officer, as Heck "applies to proceedings that call into question the fact or duration of parole or probation"); Wilson v. McKeown, 2003 WL 21715322, *2 (D.Del. July 24, 2003)(§ 1983 claim alleging wrongful parole revocation barred under Heck).

Plaintiff's claim respecting his wrongful incarceration for violation of probation is not cognizable under Bivens because the finding of his probation violation has been neither reversed, expunged, declared invalid, or called into question through a writ of habeas corpus. See Heck, supra. See also Almahdi v. Rodriguez, 2005 WL 1115209 (D.N.J. Apr 27, 2005) (barring Bivens claim pursuant to Heck). Before proceeding under Bivens in the present circumstances, Plaintiff must pursue a habeas corpus action, which requires that he first exhaust available state court remedies with respect to probation issues before seeking federal habeas relief.  Under these circumstances, the Court is constrained to dismiss this claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

C.  Defamation and Emotional Distress Claims

Plaintiff apparently relies on the doctrine of pendent jurisdiction to bring state law claims for defamation and intentional infliction of emotional distress before the Court.

8

The doctrine has been recognized as one of discretion. See <u>Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>Heine v. Connelly</u>, 644 F.Supp. 1508, 1516 (D.Del. 1986). In this regard, the United States Supreme Court has advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." <u>Mine Workers</u>, 383 U.S. at 726; see <u>Broderick v. Associated Hosp. Serv. of Philadelphia</u>, 536 F.2d 1, 8 n.25 (3d Cir.1976); 28 U.S.C. § 1367(c)(3). As all federal claims are being dismissed at this stage of the proceedings, the Court declines to exercise jurisdiction over Plaintiff's state claims.

### III. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint <u>in forma pauperis</u>, declines to exercise jurisdiction over Plaintiff's state claims, and dismisses the Complaint pursuant to 28 U.S.C. (e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

_____
JOEL A. PISANO
**UNITED STATES DISTRICT JUDGE**

DATED: _August 9_, 2005